UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ISMAEL GENAO,

                     Plaintiff,

            - against -

UNITED STATES OF AMERICA,

                     Defendant.
-----------------------------------------------------------X

05 Civ. 3050 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On September 1, 2008, Plaintiff Ismael Genao filed a Second Amended Complaint withdrawing his earlier claims and seeking, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the return of his property seized pursuant to a search warrant by Defendant United States of America. (Sec. Amd. Compl. ¶ 1.) Plaintiff states that the following items were seized pursuant to the search warrant: (1) one computer with two hard drives, (2) two separate external hard drives, (3) 118 compact discs, (4) one Magnavox camcorder, (5) three boxes of VHS tapes, (6) one Hewlett-Packard pocket PC, (7) one bag containing "sexual aids," (8) one box of condoms, (9) two telephone bills, (10) one black wallet containing photo identification and credit cards, (11) one club flyer, and (12) a poem Genao wrote while in high school. (Id. ¶ 2.)

      Plaintiff acknowledged that at trial the government maintained that the four hard drives contain encrypted files which contained contraband (child pornography). He agreed that the encrypted files should be deleted beyond recovery and requested that the hard drives are returned to him after he has been released from federal custody. (Id. ¶ 4-6.) He also asked that any property that has been lost or stolen be replaced with an item

1

of equal or greater value, that the government be ordered to destroy all photographs taken of the interior of his home, and that the government return the remaining property once he is released from custody. (Id. ¶ 6.)

Plaintiff was sentenced on March 15, 2005 to 160 months (13 years and 4 months) of imprisonment on one count for advertising in a chat room the existence of a file server he operated that exchanged visual depictions of minors engaging in sexual activity in violation of 18 U.S.C. § 2251(c) and one count for using a computer to trade images of minors engaged in sexually explicit conduct in interstate and foreign commerce in violation of 18 U.S.C. § 2252 A(a)(1).  Much of the property Plaintiff seeks to have returned was seized pursuant to a search warrant executed on April 14, 2003.  The Court of Appeals upheld his conviction on March 16, 2007.

**Background**

On March 13, 2009, the Defendant filed a Motion to Dismiss the Second Amended Complaint supported by a Declaration of Stephen R. Tortorella, a Special Agent for the Federal Bureau of Investigation (FBI), dated March 4, 2009 ("Tortorella Decl.") and a Declaration of Barbara Serrato, Inmate Systems Manager of the Federal Bureau of Prisons, dated March 10, 2009 ("Serrato Decl.").

The motion to dismiss argued that the complaint should be dismissed in so far as Plaintiff:

1) requested that the Government be forced to store his property for the duration of his incarceration;

2) requested that the Court:

   a) determine that the hard drives from Plaintiff's computer, the two external hard drives, and certain CDs seized by the FBI

and introduced at trial are contraband and therefore are not eligible for return; and

b) order Plaintiff to designate an individual to retrieve his non-contraband property from the FBI within thirty days of entry of such order.

The supporting Declaration of Agent Tortorella states that the FBI has custody of the following items:

1. One computer containing two hard drives
2. One Quantum Fireball External Hard Drive, #376902069315
3. One Maxtor 541D Hard Drive, #B16G79EZ999
4. One Hewlett-Packard Pocket PC, #SG12740987
5. 12 CD-Rs
6. 19 CDs contained in a black zipper case
7. 21 CDs
8. 67 CDs in a black "Case Logic" case
9. One TDK DVD-R in a case
10. One Antec Computer Box containing 72 VHS tapes
11. One ATX/CE Computer Box containing 84 VHS tapes
12. One Dell computer box containing 84 VHS tapes
13. One Magnavox EZ Cam VHS Recorder, #29617670
14. One VHS tape contained in Item 13
15. One box containing
    a. Nair product
    b. numerous Lifestyle condoms
    c. HIV test kit
    d. Femore lotion
    e. two photographs – one baby picture and one class picture,
16. A purple Northern Peaks gym bag containing miscellaneous sexual props and one DVD
17. One advertisement for Michael Jackson from the National Enquirer
18. One page story entitled "A Man Called ISH"
19. One page untitled story
20. Telephone Bill for the period 2/10/03 – 3/9/03
21. Telephone Bill for the period 3/10/03 – 4/9/03
22. One black wallet
23. Various business cards and identification.

(Tortorella Decl. ¶ 10.) Both parties agree that the hard drives listed above as Items 1, 2 and 3 are contraband, in that they contain encrypted files containing child pornography. The government contends that the three CDs (numbered QNY31, QNY 33 and QNY 34)

3

seized by the FBI contain what were described at trial as Ghost Image files, which would allow a user to restore encrypted information from the hard drives.[1]  (Tortorella Decl. ¶ 13).  The Government argues, citing FBI procedure, that Items 1, 2, and 3, as well as the CDs numbered QNY31, QNY33, and QNY 34, cannot be returned to Plaintiff because they are contraband. See United States v. David, 131 F.3d 55, 59 (2d Cir.1997) ("It is well settled that upon the termination of criminal proceedings, 'seized property, other than contraband, should be returned to the rightful owner'" (quoting United States v. Francis, 646 F.2d 251, 262 (6th Cir. 1981)).  As to the remaining items, the Code of Federal Regulations allow for such items to be returned to the Plaintiff after the litigation has ended.  However, FBI procedures require Plaintiff to specify the items he wishes to have returned and to designate in writing an individual who will pick up those items from a location to be designated by the FBI.  When the designated individual picks up the items, that person must sign a receipt indicating that he or she took possession of the non-contraband items.  If the items are not picked up within thirty (30) days of such designation, the FBI will dispose of those items in accordance with its normal practices and procedures.  See FBI Manual of Operations and Procedures, Section 2-4.4.17(6)(a).  (Tortorella Decl. ¶ 15.)

On March 30, 2009, Plaintiff filed responsive papers entitled "Motion for Partial Summary Judgment," which the Court will treat as a response to Defendant's Motion to Dismiss.  Plaintiff states that "Plaintiff will provide a name and address to the FBI and FBI will mail Plaintiff's property to the named person at the named address at

---

[1] Ghost Image Files are "used to copy a partition or hard drive into one huge file so it can be restored.  If a hard drive should go bad or if a partition should go bad, the operating system or whatever it was on, that partition can be restored rather quickly."  (Tr. at 508.)  There were password protected Ghost files on several of the CDs but not the password for the encrypted material.  (Tr. at 525.)

government's expense." (Plaintiff's Response at 1.)  Second, the Plaintiff concedes that the following items be destroyed and waives, under penalty of perjury, any property rights to the following items: the <u>Item #15</u> box with contents, <u>Item #16</u> purple Northern Peaks gym bag with contents, <u>Item #9</u> TDK DIV-R, <u>Item #1</u> (the two hard drives attached to the computer but not the computer itself), <u>Item #2</u> Quantum Fireball External Hard Drive, and <u>Item #3</u> Maxtor 541D Hard Drive.  (Plaintiff's Response at 1-2, Plaintiff's Affirmation #3.)

Third, Plaintiff seeks summary judgment as to his right to the return of <u>Item #4</u> One Hewlett-Packard Pocket PC, #SG12740987, <u>Item #10</u> One Antec Computer Box containing 72 VHS tapes, <u>Item #11</u> One ATX/CE Computer Box containing 84 VHS tapes, <u>Item #12</u> One Dell computer box containing 84 VHS tapes, <u>Item #13</u> One Magnavox EZ Cam VHS Recorder, #29617670, <u>Item #14</u> One VHS tape contained in Item 13, <u>Item #17</u> One advertisement for Michael Jackson from the National Enquirer, <u>Item #18</u> One page story entitled "A Man Called ISH", <u>Item #20</u> Telephone Bill for the period 2/10/03 – 3/9/03, <u>Item #21</u> Telephone Bill for the period 3/10/03 – 4/9/03, <u>Item #22</u> One black wallet and <u>Item 23</u> Various business cards and identification. (Plaintiff's Response at 1.)

Plaintiff seeks a hearing as to whether he is not entitled to the return of the computer without the hard drives (Item #1), as well as Items #5, #6, #7, and #8. (Plaintiff's Response at 2.)  Plaintiff states that of the 119 CDs in Items #5, #6, #7 and #8, only a few CDs contain Ghost files and asserts that the "Government does not state what CDs in items 5, 6, 7 and 8 contain such files." (<u>Id.</u>)  The Tortorella Declaration, however, designates the encrypted CDs as QNY 31, QNY 33 and QNY 34. (Tortorella Decl. ¶ 13.)

Plaintiff further contends, without citation to the record, that evidence at trial showed (1) that the FBI has cracked the password on the Ghost files located on some of the CDs and (2) that an FBI agent testified that "no contraband was found in said Ghost files." (Id.)  Plaintiff asks the Court to order the Government to produce FBI Agent Friesen and Assistant United States Attorney Collins as witnesses to testify at a hearing that the FBI opened and checked each Ghost file found on some of the CDs and found no such contraband.  Plaintiff further requests that he participate in the hearing by telephone. (Id. at 3.)

The Government filed reply papers by letter brief dated April 7, 2009, in which the Government agreed to Plaintiff's request for the return of Item #1, the computer, but without the hard drives.  The Government also agreed that the FBI would mail the non-contraband items to an individual designated by Plaintiff and then dispose of the items listed in Plaintiff's Affirmation #3.

However, the Government opposes Plaintiff's request for a hearing regarding whether or not the encrypted Ghost Image Files on CDs QNY31, QNY33, and QNY34 contained any pornographic matter.  First, the Government contends that it is reasonable to assume that the Ghost Image Files may indeed contain child pornography, and second, it would take the FBI two or three years conduct this particular forensic examination in preparation for the proposed hearing by Plaintiff (Government's Letter of April 7, 2009 at 2.)  Furthermore, both AUSA Collins and Agent Friesen state that they have no present recollection of the matters at issue and that a hearing based on their testimony would be fruitless.

**Discussion**

Defendant was convicted of advertising the existence of a file server which exchanged visual depictions of minors engaging in sexual activity in violation of 18 U.S.C. § 2251(c), and of using a computer to trade images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252A(a)(1).

Plaintiff contends correctly that Agent Friesen did testify on cross-examination that someone other than he had cracked the password on the some of the encrypted Ghost Image Files and had provided the password to him. (Tr. at 593-594.)  However, he also testified that when representatives of the Government tried this password on files that were encrypted by PGP ("Pretty Good Privacy"), they could not open the files. (Tr. at 494-495.)  Thus, the Court has been presented with no trial testimony or affidavits that these encrypted CDs do not contain contraband.  Since the encryption would only serve to hide an illegal activity, there is a strong presumption that the encrypted CD's are contraband.

Furthermore, in his complaint, Defendant acknowledged that the hard drives containing the encrypted material in Items #1, #2 and #3 should not be returned to him. (Amd. Compl. ¶ 6.)  Since the CDs containing encrypted materials (QNY31, QNY33, and QNY34) can be used to restore the images encrypted on the hard drives in Items #1, #2 and #3, there is strong circumstantial evidence that the encrypted Ghost Image Files on CDs QNY31, QNY33, and QNY34 contain images the Defendant encrypted in an attempt to hide his alleged activity.  The Court finds that the CDs contain contraband, and since Plaintiff has offered no evidence to show that the encrypted materials on CDs

7

QNY31, QNY33, and QNY34 do not contain pornographic materials, denies Plaintiff's demand for a hearing and dismisses Plaintiff's claim for return of those CDs.

Accordingly, the Court orders Plaintiff within thirty days of this Order to designate, in writing: 1) a person at a specific address to receive the non-contraband items now in the custody of Special Agent Stephen R. Tortorella of the White Plains Office of the Federal Bureau of Investigation namely Items #4, #5, #6, #7, #8, #10, #11, #12, #13, #14, #17, #18, #20, #21, #22 (but not CDs QNY 31, QNY 33 and QNY 34) and the computer (but not the hard drives) listed in item #1. Within 30 days of the FBI's receipt of Plaintiff's designation, the FBI will mail the above articles to the person at the address so designated.

In all other respects, the Government's motion is granted and, upon the filing of proof by the FBI of mailing said items to the designated person at the designated address, this case will be dismissed with prejudice.

SO ORDERED.

Dated: New York, New York
April 15, 2009

Robert P. Patterson, Jr.
U.S.D.J.

***Copies of this Opinion sent to:***

*Pro se Plaintiff:*

Ismael Genao
# 83789-054
U.S.P. Tucson
P.O. Box 24550
Tucson, AZ 85734

*Counsel for Government:*

James Nicholas Boeving
86 Chambers Street
New York , NY 10007
Tel: (212)-637-2748
Fax: (212)-637-2686